UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESUS RIVERA,<br>TDCJ No. 01986518, | §<br>§<br>§ | |
| Petitioner, | §<br>§ | |
| v. | § | Civil No. SA-19-CA-01435-DAE |
| | § | |
| BOBBY LUMPKIN,[1] Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | §<br>§<br>§<br>§ | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Petitioner Jesus Rivera's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Answer (ECF No. 9) thereto. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Procedural History**

In February 2015, a Bexar County jury found Petitioner guilty of the murder of Ryan Yearley and sentenced Petitioner to sixty-six years of imprisonment. *State v. Rivera*, No. 2013-CR-1573 (144th Dist. Ct., Bexar Cnty., Tex. Feb. 24, 2015) (ECF No. 10-22 at 143–44). The Texas Thirteenth Court of Appeals affirmed Petitioner's conviction in an unpublished opinion

---

[1] The previous named Respondent in this action was Lorie Davis. On August 10, 2020, Bobby Lumpkin succeeded Davis as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Lumpkin is automatically substituted as a party.

on direct appeal. *Rivera v. State*, No. 13-15-00145-CR, 2016 WL 7011588 (Tex. App.─Corpus Christi-Edinburg, Dec. 1, 2016, pet. ref'd); (ECF No. 10-3). The Texas Court of Criminal Appeals then refused his petition for discretionary review. *Rivera v. State*, No. 0537-17 (Tex. Crim. App. Nov. 22, 2017); (ECF No. 10-10). A year later, Petitioner filed a state habeas corpus application challenging the constitutionality of his state court conviction, but the Texas Court of Criminal Appeals eventually denied the application without written order on October 2, 2019, based on the findings of the trial court. *Ex parte Rivera*, No. 89,320-01 (Tex. Crim. App.); (ECF Nos. 10-51, 10-55 at 4-40).

Petitioner initiated the instant proceedings by filing a petition for federal habeas relief on December 10, 2019. (ECF No. 1). In the petition, Petitioner raises the same allegations that were rejected by the Texas Court of Criminal Appeals during his state habeas proceedings: (1) he is actually innocent of murder because he did not intentionally kill Yearley, (2) his trial counsel rendered ineffective assistance by failing to investigate and obtain an expert witness on synthetic marijuana, and (3) his appellate counsel rendered ineffective assistance by failing to obtain a complete record of the trial court proceedings.

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court

proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Merits Analysis

**A.** **Actual Innocence** (Claim 1)

In his first allegation, Petitioner contends he is "actually innocent" of the murder of Ryan Yearley. (ECF No. 1 at 6). Petitioner bases this allegation on a statement allegedly given by his sister, Maria Rivera, to a defense investigator during Petitioner's state habeas proceedings. In this statement, Maria explained that Yearley had consumed a substantial amount of synthetic marijuana the night he was murdered which makes him violent and aggressive. While she did not witness the murder, Maria concluded that Petitioner did not intentionally kill Yearley based on her observations of the two both before and after the crime. This statement has yet to be made available to this Court. Nevertheless, because Petitioner's claim of actual innocence is not a cognizable federal habeas claim, the merits of the allegation (and the credibility of Maria's statement to the investigator) need not be reached.

"Freestanding" claims of actual innocence, such as the allegation now before the Court, do not provide a valid basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera*, 506 U.S. at 399. Although the *Herrera* court left open the question of whether, in a capital case, "a truly persuasive demonstration of 'actual innocence' made after trial would . . . warrant habeas relief if there were no state avenue open to process such a claim," 506 U.S. at 417, the Fifth Circuit has consistently rejected this theory.[2] *See Cantu v. Thaler*, 632 F.3d 157, 167 (5th Cir. 2011); *In re Swearingen*, 556 F.3d 344,

---

[2] In later revisiting the issue of actual innocence, the Supreme Court declined to resolve the question of whether freestanding actual-innocence claims are to be recognized in federal habeas proceedings. *House v. Bell*, 547 U.S. 518, 555 (2006).

4

348 (5th Cir. 2009); *Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases). Because the Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review, Petitioner's allegation must be rejected.

Alternatively, even if an actual-innocence claim could be the basis for federal relief, it would only be cognizable if there were no state procedure available for making the claim. *Herrera*, 506 U.S. at 417; *Graves v. Cockrell*, 351 F.3d at 151. Such is not the situation in Texas, where state procedures are available to raise claims in clemency proceedings or a state habeas petition. *See* Tex. Crim. Proc. Code art. 48.01 (West 2020); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir. 1998). Indeed, such an allegation was raised by Petitioner during his state habeas corpus proceedings and ultimately rejected by the Texas Court of Criminal Appeals. Thus, Petitioner's freestanding claim of actual innocence must be denied.

**B.    Trial Counsel (Claim 2)**

Petitioner next contends his trial counsel was ineffective for failing to investigate and obtain an expert witness on the effects of synthetic marijuana. (ECF No. 1 at 8). Petitioner raised this allegation during his state habeas proceedings which the Texas Court of Criminal Appeals rejected. As discussed below, Petitioner fails to demonstrate the state habeas court's rejection of the claim was either contrary to, or an unreasonable application of, Supreme Court precedent.

1.    The *Strickland* Standard

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. 466 U.S. at 687–88, 690. According to

the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687–89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not

whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

    2.    <u>Analysis under *Strickland*</u>

Petitioner faults his trial counsel for failing to obtain an expert on the effects of synthetic marijuana. According to Petitioner, such an expert could have countered testimony offered by the State's expert, Dr. Kimberly Molina, that there are no reports of synthetic marijuana causing aggressive behavior. Petitioner believes this expert could also have substantiated his claim that Yearley was acting aggressively, thereby bolstering his self-defense argument. However, Petitioner has not provided the name of any expert who would have testified as such.

Unsupported claims regarding uncalled expert witnesses "are speculative and disfavored by this Court as grounds for demonstrating ineffective assistance of counsel." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). To prevail on an IATC claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate the witness was available to testify, delineate the content of the witness's proposed testimony, and show the testimony would have been favorable to the defense. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *Coble v. Quarterman*, 496 F.3d 430, 436 (5th Cir. 2007).

Here, Petitioner laments that the jury never heard "from a qualified expert that synthetic cannabis could cause users to behave violently and irrationally." (ECF No. 1 at 8). But even assuming this proposed testimony would have been favorable to his defense, Petitioner has brought forth no evidence or affidavits from any expert to support his IATC claim. *Evans*, 285 F.3d at 377 (providing petitioner must "bring forth" evidence, such as affidavits, from uncalled witnesses, including expert witnesses, in support of an IATC claim). Indeed, Petitioner has not even provided the name of a witness who would testify in this manner, much less establish the witness was willing

7

and able to testify at the time of Petitioner's trial. For this reason, Petitioner has not shown counsel's performance was deficient under *Strickland*.

Even if Petitioner could establish that counsel's performance in this case constituted deficient performance, he still fails to demonstrate that the alleged error was prejudicial to his defense. Again, to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "[A] court assessing prejudice must consider the totality of the evidence before the judge or jury." *Mejia v. Davis*, 906 F.3d 307, 315 (5th Cir. 2018) (quoting *Strickland*, 466 U.S. at 696) (internal quotation marks omitted).

Petitioner contends counsel should have obtained an expert to rebut Dr. Molina's testimony regarding the effects of synthetic marijuana. As correctly noted by the state habeas court, however, the record clearly reflects that counsel thoroughly cross-examined Dr. Molina and "made clear to the jury that Dr. Molina could not testify to the effects that synthetic marijuana could have on any certain individual and could only testify about its effects generally." (ECF No. 10-54 at 17). Counsel also thoroughly cross-examined two other State witnesses—Maria Rivera and Jose Torres—and was able to establish that Yearley sometimes acted aggressively while using drugs, including the night he was killed. *Id*. Thus, the state court was "not convinced that there is a probability that, but for counsel's deficient performance, the result of [Petitioner's trial] would have been different." *Id*. at 18. Neither is this Court, particularly under the deferential standard that applies on federal habeas review.

As such, Petitioner is unable to establish that counsel's performance was deficient or that he was prejudiced by counsel's alleged error. Because Petitioner fails to demonstrate that the state

court's denial of Petitioner's IATC allegation was not an unreasonable application of *Strickland*, relief on the claim is therefore denied.

C.      **Appellate Counsel** (Claim 3)

In his final allegation, Petitioner contends he received ineffective assistance of counsel during his direct appeal proceedings. (ECF No. 9). A criminal defendant is constitutionally entitled to effective assistance of appellate counsel when he has a right to appeal under state law. *Evitts v. Lucey*, 469 U.S. 387, 393 (1985); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). The familiar standard set out in *Strickland* to prove that counsel rendered unconstitutionally ineffective assistance applies equally to both trial and appellate attorneys. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Dorsey v. Stephens*, 720 F.3d 309, 319 (5th Cir. 2013). Thus, to obtain relief, Petitioner must demonstrate that (1) appellate counsel's conduct was objectively unreasonable under then-current legal standards, and (2) there is a reasonable probability that, but for appellate counsel's deficient performance, the outcome of Petitioner's appeal would have been different. *See Robbins*, 528 U.S. at 285; *Higgins v. Cain*, 720 F.3d 255, 260–61 (5th Cir. 2015). He does neither.

Petitioner contends his appellate counsel, Angela Moore, failed to obtain a complete record for his appeal. Specifically, Petitioner faults Moore for not obtaining the record of a pretrial hearing during which trial counsel raised several allegations of prosecutorial misconduct, including an accusation that the State had threatened Maria Rivera in order to obtain her testimony. Petitioner implies that had Moore obtained this record, she could have raised a prosecutorial-misconduct allegation on direct appeal.

Petitioner raised this allegation concerning his appellate counsel's performance during his state habeas proceedings. In recommending the denial of Petitioner's application, the state habeas

trial court rejected Moore's assertion (given by affidavit) that she was denied the opportunity to raise an allegation that would have resulted in reversal of Petitioner's conviction, explaining that:

> [E]ven if counsel had obtained the pretrial hearing transcript, this court does not believe that failing to raise the issue of prosecutorial misconduct as a point of error would have been objectively unreasonable. Defense counsel's pretrial claims of prosecutorial misconduct alleged that the State did not properly serve their subpoenas and that they were threatening witnesses to testify. The two key witnesses in this case, Maria Rivera and Jose Torres, were both represented by counsel and both signed immunity agreements. Even if counsel had raised prosecutorial misconduct as a point of error, this court finds that there is not a reasonable probability that [Petitioner] would have prevailed on this issue on appeal.

(ECF No. 10-54 at 19). The TCCA adopted the trial court's findings when it denied relief without written order. (ECF No. 10-51).

Petitioner has not shown that this ruling was contrary to, or involved an unreasonable application of, federal law, or that it was an unreasonable determination of the facts based on the evidence in the record. Indeed, the record confirms that both Maria Rivera and Jose Torres had obtained immunity agreements from the State in exchange for their testimony against Petitioner. (ECF No. 10-22 at 78–87). Thus, Petitioner has not shown that the state court's determination "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Federal habeas relief is therefore unavailable.

## IV. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing Section 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335–36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial and habeas corpus proceedings. Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Jesus Rivera's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the 21st day of April, 2021.

_____
**DAVID A. EZRA**
**SENIOR U.S. DISTRICT JUDGE**

12